NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JERRY SMITH,

        Plaintiff - Appellant,

 v.

CITY OF MEDFORD,

        Defendant - Appellee.

No. 23-4213

D.C. No.
1:17-cv-00931-CL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Mark D. Clarke, Magistrate Judge, Presiding

Submitted March 31, 2025[**]
Portland, Oregon

Before: LEE and FORREST, Circuit Judges, and BENCIVENGO, District
Judge.[***]

Plaintiff Jean Smith, personal representative for the estate of Jerry Smith[1],

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Cathy Ann Bencivengo, United States District Judge for the Southern District of California, sitting by designation.

[1] Plaintiff Jerry Smith passed away in August 2022 after the parties filed their cross motions for summary judgment. The district court subsequently granted Plaintiff's

appeals from the district court's denial of Plaintiff's motion for partial summary judgment, and grant of Defendant City of Medford's motion for summary judgment, on the issue of whether the condition of certain sidewalks in Medford violated Plaintiff's rights under Title II of the Americans with Disabilities Act (ADA). The district court held that Defendant was entitled to summary judgment because Plaintiff failed to adequately cite any applicable standards.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision to grant or deny summary judgement de novo. *See Branch Banking & Tr. Co. v. D.M.S.I., LLC,* 871 F.3d 751, 759 (9th Cir. 2017). We affirm.

A district court is not required to "examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the [] papers with adequate references so that it could conveniently be found." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). Further, ADA standards are particularly precise and, as such, should be referenced with similarly precise citation. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945–46 (9th Cir. 2011) ("The ADA[Accessibility Guidelines] requirements are as precise as they are thorough, and the difference between compliance and noncompliance with the standard of full and equal enjoyment established by the ADA is often a matter of

counsel's motion to amend the complaint to change Plaintiff from Jerry Smith to Jean Smith as personal representative for his estate.

inches.").

In their motion for summary judgement and opposition to Defendant's motion for summary judgment, Plaintiff generally provides relevant ADA statutes which establish the application of Title II of the ADA to the City of Medford. However, Plaintiff fails to demonstrate which specific ADA standard applies to each of their specific alleged violations, which include obstructed sidewalks, missing sidewalks, sidewalks lacking curb ramps, improper curb ramps, and improper curb ramp grades.

Plaintiff's claims concern roughly one hundred sidewalks along fifty-six Medford streets. Plaintiff submitted as exhibits over 300 pages of photographs of alleged ADA violations and 140 pages encompassing the entire 2010 ADA Accessibility Guidelines ("ADAAG"). But Plaintiff fails to connect the alleged violations to either their corresponding exhibits or the relevant ADA standards by which the court could adjudicate the claims. *See Zoslaw v. MCA Distributing Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("A party may not prevail in opposing a motion for summary judgment by simply overwhelming the district court with a miscellany of unorganized documentation"); *see Mote v. City of Chelsea*, 284 F. Supp. 3d 863, 881 (E.D. Mich. 2018) ("The plaintiffs have utterly failed to point out for the Court which portions of [their] exhibits correlate to what specific ADAAG violations that they allege.").

Moreover, Plaintiff is required to establish when, where, and how a given

street was altered so that the court can determine if the ADA even applies, and if so, which ADAAG standard applies to the alleged violation. *See Kirola v. City & Cnty. of San Francisco*, 860 F.3d 1164, 1177 (9th Cir. 2017) ("[A]lterations commenced between September 15, 2010, and March 15, 2012, could comply with the 1991 ADAAG standards . . . or with the . . . 2004 ADAAG standards. And . . . alterations commenced after March 15, 2012, [have] to comply with the 2004 ADAAG standards.") (citations omitted). Plaintiff's proffered evidence is a disorganized chart which fails to provide precise dates for when a particular street was altered, and on multiple pages lacks necessary columns and rows of information, rendering it difficult to decipher. Finally, as to location, Plaintiff lists the names of streets in the chart but does not provide the specific section or cross street where the alteration took place. *See Cohen v. City of Culver City*, 754 F.3d 690, 700 (9th Cir. 2014) ("The City would have been required to build [a] curb ramp if it altered *this particular segment* of the street or the sidewalk after January 26, 1992.") (emphasis added).

Although Plaintiff recites various relevant statutes, simple recitation of law is insufficient. Plaintiff must apply the legal standards to the facts—the court cannot dig through the record and construct their arguments for them. *See Carmen*, 237 F.3d at 1031 (holding it "profoundly unfair" for "the district court . . . [to] perform[] the lawyer's duty of setting forth specific facts showing that there is a genuine issue for trial.").

23-4213

Therefore, we conclude the district court did not err in granting summary judgment for Defendant.

**AFFIRMED.**